IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHEELA JONES | : |
| 3101 N. Hampton Drive | : |
| Alexandria, VA 22302 | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | : Civil Action No: |
| | : |
| UNUM LIFE INSURANCE COMPANY OF | : |
| AMERICA | : |
| | : |
| <u>SERVE:</u> | : |
| Insurance Commissioner | : |
| Maryland Insurance Administration | : |
| 200 St. Paul Place, Ste. 2700 | : |
| Baltimore, MD 21202 | : |
| | : |
| and | : |
| | : |
| THE RIGGS COUNSELMAN MICHAELS & | : |
| DOWNES GROUP LONG TERM | : |
| DISABILITY PLAN | : |
| | : |
| <u>SERVE:</u> | : |
| Resident Agent | : |
| John Kevin Carnell, J.D. | : |
| 555 Fairmount Avenue | : |
| Baltimore, MD 21204 | : |
| | : |
|     Defendants. | : |

## **COMPLAINT**

1.    Plaintiff seeks relief under ERISA, 29 U.S.C. § 1001, et seq., specifically ERISA §502, 29 U.S.C. § 1132.

2.    This court has jurisdiction pursuant over the issues raised herein pursuant to ERISA §502, 29 U.S.C. §1132(e)(1) and 28 U.S.C.§ 1331 (Federal Question).

1

3. Venue is appropriate under 29 U.S.C. §1132(e)(2) in that the policy was issued to Plaintiff when he was a resident of the Commonwealth of Virginia and Defendants were doing business in the State of Maryland so as to have sufficient contacts pursuant to *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 90, 90 L.Ed. 95 (1945) in order to confer in personam jurisdiction.

4. This is an action pursuant to 29 U.S.C. §§502(a)(1)(B), et seq. which seeks to clarify a beneficiary's rights to past and future benefits under the terms of the plan operating under a conflict of interest.  Plaintiff seeks a declaration of right under the policy at issue which is an "employee welfare benefit plan" as defined under ERISA.  Plaintiff seeks reinstatement of benefits and payment of all back benefits due and owing plus interest.  Plaintiff seeks to enforce the rights afforded under the plan and to clarify all rights to future benefits under the plan pursuant to 29 U.S.C. § 1132(a).  Plaintiff seeks an award of attorney's fees and costs.

**Parties**

5. Plaintiff is an adult resident of Columbia, Maryland.

6. Plaintiff was a plan participant under a group benefits plan established by Riggle, Counselman, Michaels & Downes, Inc. (Hereinafter, "RCM&D"), a business located in Maryland.

7. RCM&D contracted with the Unum Life Insurance Company of America (Hereinafter, "Unum") as the insurer for the plan who issued the pertinent disability plan in Maryland.

## The Disability Contract

8.   Unum, as claims administrator and insurer of the plan, has made all of the decisions regarding plaintiff's claim for disability benefits in this case while operating under a conflict of interest.

9.   The plan promises to pay benefits if an employee is disabled.

10.   Disability in the plan is defined as follows:

You are disabled when we determine that due to your sickness or injury:

- you are unable to perform the material and substantial duties of youre regular occupation;

- you are not working in any occupation.

## Plaintiff's Disability Claim

11.   Plaintiff suffers from foot fractures, Charcot-Marie Tooth disease, degenerative disc disorders of the neck and back, radiculopathy, insomnia, knee pain and derangement among other conditions in addition to associated chronic pain, fatigue, cognitive impairment, and other conditions, symptoms, and impairments.

12.   Plaintiff was an employee at RCM&D serving as a Client Manager at the time when she became disabled on 4/23/14.

13.   Unum denied short long term disability benefits on 5/13/14.

14.   Plaintiff obtained counsel and filed a comprehensive appeal timely on 10/29/14 which included medical, functional capacity, vocational, and other evidence.  This appeal concluded with the following statements (bolded as in original):

- **The initial request for information remains continuing in nature.  All documents added to this file must be sent in a timely manner for review prior**

> **to your decision.**
> • **Should you choose to have Claimant's submitted evidence reviewed by any medical and/or vocational professional, Claimant hereby reserves the right to respond to such professional's report prior to your making a final claims determination.**

15. Unum denied the appeal on 1/22/15 with the denial decision including new information not presented to counsel prior to making the claim decision.

16. The Plaintiff applied for long term disability benefits which resulted in payment on 7/2/15 under a reservation of rights.

17. Unum demanded a physical examination without a witness or videotape present. This was refused by this counsel.

18. Unum denied the long term disability benefits claim on 9/9/15.

19. A second comprehensive appeal was filed timely on 11/20/15 which included medical, functional capacity, vocational, and other evidence. This appeal concluded with the following statements (bolded as in original):

> • **The initial request for information remains continuing in nature. All documents added to this file must be sent in a timely manner for review prior to your decision.**
> • **Should you choose to have Claimant's submitted evidence reviewed by any medical and/or vocational professional, Claimant hereby reserves the right to respond to such professional's report prior to your making a final claims determination.**

20. Unum denied the appeal on 12/29/15 with the denial decision including new information not presented to counsel prior to making the claim decision.

21. With deemed final denial, all conditions precedent under the plan have been satisfied and the plaintiff has exhausted all administrative appeals under the plan prior to filing suit.

22.    Plaintiff is entitled to these benefits under the plan since he has:

   A.    Satisfied all conditions to be eligible under the plan; and

   B.    Has not waived or otherwise relinquished his entitlement to these benefits.

23.    Prior to appealing the claim denial, Plaintiff's counsel set a request for claims file documentation to Defendants which required production of the all summary plan documents, governing claims manual provisions or handling instructions under which this claim was reviewed. These requests were made pursuant to 29 C.F.R. § 2560.502 - 1(g) *et seq.*

24.    Defendants failed to produce pertinent documentation requested.

## Requested Relief

25.    Plaintiff requests that this court review the denial of benefits in this case and declare that she is entitled to all benefits under the policy including payment of all back benefits with interest.

26.    Plaintiff seeks payment of all attorney's fees and costs associated with attempting to secure these benefits pursuant to Section 502(g)(1) of ERISA.

27.  Plaintiff requests penalties payable in the amount of $110/day or other amount as to be determined by this Court pursuant to 29 U.S.C. 1132(c), 29 C.F.R. § 2560.502 - 1(g) *et seq.* as a result of Defendants' failure to produce the documents requested.

28.    Any such other relief the Court may deem just and proper.

          Respectfully submitted,

          _____/s/_____
          Scott B. Elkind, Bar 10810
          Elkind & Shea
          801 Roeder Rd., Ste. 550
          Silver Spring, MD 20910
          P: (301) 495-6665
          F: (301) 565-5111
          Attorney for Plaintiff